**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**


SYLVESTER HALL,                      )
                                     )
                    Petitioner,      )
                                     )
          v.                         )      1:11CV440
                                     )
SUPERINTENDENT MR. BULLOCK,          )
                                     )
                    Respondent.      )


### MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as to a finding of guilt on a prison disciplinary offense. (Docket Entry 2, § 12.) Specifically, in July 2006, prison officials adjudged Petitioner guilty of an escape infraction, based upon his threat to escape if placed on work duty, while serving a sentence for a forgery conviction. (Docket Entry 7, Exs. 1, 2.)[1] Petitioner was released from the forgery sentence on December 18, 2006, and is currently serving a more recent sentence for obtaining property by false pretenses and having the status of a habitual felon. (Id., Ex. 1.)

The instant Petition was signed and mailed on May 17, 2011, and received by the Court on May 19, 2011. Respondent has moved for dismissal. (Docket Entry 6.) Despite receiving notice of his

---

[1] According to the applicable prison regulations, the escape infraction includes not only actual escape, but also "any other action that could result in escape if correctional staff did not intervene." (Docket Entry 7, Ex. 3.) It appears that Petitioner received 60 days of segregation, eight days of lost good-time credit, and 50 hours of extra work duty. (Id., Ex. 2.)

right to respond to that motion (Docket Entry 8), Petitioner has not done so (<u>see</u> Docket Entries July 1, 2011, to present).

**<u>Discussion</u>**

Respondent requests dismissal on the ground that the Petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). The Court, however, need not reach this issue, because the undisputed record establishes that this case is moot and subject to dismissal on that basis. <u>See generally</u> <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies."); <u>Incumaa v. Ozmint</u>, 507 F.3d 281, 285-86 (4th Cir. 2007) (observing that federal courts must address mootness "even if the parties did not alert [court] to its presence" and that, "[b]ecause the requirement of a continuing case or controversy stems from the Constitution, it may not be ignored").

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[.]" <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004). A challenge regarding revocation of good-time credits thus normally will support a federal habeas claim because it addresses the duration of a petitioner's sentence. <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 500 (1973). Further, in light of <u>Preiser</u>, the United States Court of Appeals for the Seventh Circuit adopted "the following generalization":

> <u>If the prisoner is seeking</u> what can fairly be described as <u>a quantum change in the level of custody</u> - whether

-2-

> outright freedom, or freedom subject to the limited
> reporting and financial constraints of bond or parole or
> probation, or <u>the run of the prison in contrast to the</u>
> <u>approximation to solitary confinement that is</u>
> <u>disciplinary segregation</u> – then <u>habeas corpus is his</u>
> <u>remedy</u>. But if he is seeking a different program or
> location or environment, then he is challenging the
> conditions rather than the fact of his confinement and
> his remedy is under civil rights law, even if, as will
> usually be the case, the program or location or
> environment that he is challenging is more restrictive
> than the alternative that he seeks.

<u>Graham v. Broglin</u>, 922 F.2d 379, 381 (7th Cir. 1991)(emphasis added); <u>accord</u> <u>Streeter v. Hopper</u>, 618 F.2d 1178, 1181 (5th Cir. 1980) ("Plaintiffs' original complaint, seeking release from the imposition of administrative segregation without due process, would be appropriately treated as a habeas corpus petition . . . ."). The United States Court of Appeals for the Fourth Circuit has cited with approval the Seventh Circuit's "quantum change in the level of custody" language. <u>See</u> <u>Plyler v. Moore</u>, 129 F.3d 728, 733 (4th Cir. 1997).

Here, Petitioner's disciplinary conviction occurred in connection with a prior sentence which he long ago completed. Whatever punishments Petitioner received would have affected only that sentence and not his current sentence. As a result, the Court has no means to provide habeas relief in this case, i.e., relief related to the escape infraction that would result in a shorter custodial sentence or a "quantum change" in his level of custody during that sentence. The inability of the Court to provide Petitioner with any meaningful remedy renders this case moot. <u>See</u> <u>generally</u> <u>Iron Arrow</u>, 464 U.S. at 70 ("To satisfy the Article III case or controversy requirement, a litigant must have suffered some

-3-

actual injury <u>that can be redressed by a favorable judicial</u> <u>decision</u>." (emphasis added)); <u>Townes v. Jarvis</u>, 777 F.3d 543, 546–47 (4th Cir. 2009) (identifying lack of "redressability" as grounds for finding "a controversy to be moot").[2]

**IT IS THEREFORE RECOMMENDED** that the Petition (Docket Entry 2) be dismissed as moot, that Respondent's Motion to Dismiss (Docket Entry 6) be denied as moot, and that Judgment be entered dismissing this action.


<u>    /s/ L. Patrick Auld    </u>
**L. Patrick Auld**
**United States Magistrate Judge**

**October 9, 2012**

---

[2] Other courts have ruled similar claims moot under analogous circumstances. <u>See, e.g.</u>, <u>Scott v. Warden of Buena Vista Corr. Facility</u>, 453 F. App'x 837 (10th Cir. 2012); <u>Bailey v. Southerland</u>, 821 F.2d 277 (5th Cir. 1987); <u>Ghertler v. Ebbert</u>, No. 1:11CV526, 2011 WL 2006367 (M.D. Pa. Apr. 25, 2011) (unpublished), <u>recommendation adopted</u>, 2011 WL 1989764 (M.D. Pa. May 23, 2011) (unpublished); <u>Volpicelli v. Palmer</u>, No. 3:08-CV-0212-BES-VPC (D. Nev. July 1, 2009) (unpublished).

-4-